UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Teresa E. Kelly,

    Plaintiff,

    v.                                                         Case No. 1:15cv119

Commissioner of Social Security                          Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's February 2, 2016 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 17).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 18).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

### A. Dr. Vickery

Plaintiff argues that the ALJ erred in assigning "great weight" to the opinion of Dr. Vickery, a one-time examining neuropsychologist who examined Plaintiff at the request of her treating physician, Dr. Provaznik. Plaintiff also argues that the ALJ incorrectly determined that Dr. Vickery opined that Plaintiff was not disabled before her date last insured. Plaintiff explains that Dr. Vickery only stated that Plaintiff had worsened recently. Plaintiff argues that this does not mean that her impairment was non-disabling before it became worse.

The Court notes that the Magistrate Judge explained that as a neuropsychologist, Dr. Vickery was a specialist and Dr. Vickery's opinion was a matter within a neuropsychologist's area of expertise. The Magistrate Judge noted that Dr. Vickery administered a number of tests during his examination of Plaintiff and issued objective findings within his field of expertise. The Magistrate Judge also explained, with citations to the ALJ's opinion and the record, that other medical evidence supported Dr. Vickery's opinion as to the onset date of Plaintiff's disabling symptoms. (Doc. 17, PAGEID #653-654). This evidence includes normal examination and test results.

The Court finds no error in the Magistrate Judge's conclusion. Plaintiff's objections on this point are OVERRULED.

### B. Drs. Malaya, Thayapran, Kakaji, Prasad and Provaznik

Plaintiff first argues that these five treating physicians all limited Plaintiff to sedentary work. Plaintiff explains that a limitation to sedentary, unskilled work activity leads to a finding of disability given Plaintiff's age, education and work experience.

However at the Magistrate Judge explained in great detail, the ALJ reasonably

2

discounted the opinions of Plaintiff's treating physicians. (Doc. 17, PAGEID # 647-651). Only where a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," will the treating physician's be entitled to controlling weight. 20 C.F.R. § 1527(d)(2).

Plaintiff also argues that the ALJ offers no support for his conclusory finding that these treating sources have uncritically accepted Plaintiff's complaints. The Magistrate Judge discussed evidence in the record which shows that Plaintiff's complaints are not fully credible. (Doc. 17, PAGEID # 648-49). However, Plaintiff argues that there has been no analysis as to whether the medical opinions of Plaintiff's treating physicians were based solely on Plaintiff's complaints. Plaintiff explains that "it is ridiculous to find that 5 different medical professionals ignored their education and experience, and instead uncritically accepted Ms. Kelly's reports." (Doc. 18).

The Court notes that the ALJ did not give "little weight" to the opinions of Plaintiff's treating physicians solely because their opinions were based upon Plaintiff's reports. For instance, in discussing the opinion of Dr. Thayapran, the ALJ explained: "This opinion is given little weight because it is not well supported by medically acceptable clinical findings and laboratory diagnostic techniques, and is inconsistent with other substantial evidence." (Tr. 20). Therefore, the Court finds there is no error in the Magistrate Judge's conclusion that the ALJ properly weighed the medical opinions in the record. Plaintiff's objections on this point are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's

February 2, 2016 R&R.  (Doc. 17).  Accordingly, the decision of the Commissioner is **AFFIRMED**.  This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

                                                        *s/Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court